The case today is United States v. Holder, appeal number 23-1426. Mr. Johngold, whenever you're ready. May it please the court. My name is Dan Yangle, and I'm appointed counsel for Mr. Herbert Holder. This is an unusual sentencing appeal, mainly because at the sentencing hearing, both the government and the defense urged the court for a downward variance, and urged the court for a fairly significant downward variance. The bottom end of the guidelines in this particular case was 262 months, as calculated by the court. The defense asked for 120 months, and the government asked for a 180-month sentence. The court ended up sentencing the defendant to 240 months total. Our position is that the court committed procedural error in this case, and in turn, I'm going to address the procedural error first, and then I'd like to discuss the reasonableness of the sentence if I have time in the argument. In looking at the record, the court appeared and the court stated there was a significant discussion between the judge and myself regarding an assault that the defendant had. What 3553 factor does that affect? I think that does go to the history and characteristics of the defendant, and I had mentioned that in the argument, and then I also do think it goes to an aspect of punishment. Who gets beat up in prison should receive a sentencing reduction, because prison is a dangerous place. I'm not saying that total, but I think that's a factor that the court has discretion to consider. What we do know is that many courts have considered the susceptibility to abuse in prison for child pornography type cases and other types of sex offense cases for individuals. I've had cases where I had an individual that was 5'2 and weighed 125 pounds, and the court found that that was a reason for a variance. So the danger and the assault are relevant to his history and characteristics. Did the district judge here say, I can't consider it, or did the district judge say here, I'm just not persuaded that there's anywhere, I'm just not going to consider it? Well, Your Honor, I would just reference a number of things in the record. Transcript page 16, the court asked, like Judge Persh, you're asking me, what is it relevant to? And she said that she's not connecting it to, and then transcript 17, she's not connecting the dots to it being a mitigating factor. And then transcript 17 again, I'm not understanding. But I'm not connecting the dots to it being a mitigating factor is different than saying, I don't have the authority or the discretion to consider it. Well, I think she implied that. She didn't say the word authority, but everything that she talked about when we were going back and forth is she continued to say, I don't get it. I don't understand how that links to sentencing. But doesn't she finally back off that at 18 in the sentencing transcript? First she says exactly what you're saying. She says, if you're asking me to consider it, I'm asking you to articulate on what basis. And then she says, it's not a basis for a variance. And if she hadn't said anything else, then I think we might be in the territory Judge Persh is talking about, where she might have potentially made a mistake refusing to consider something that she could. But then she says, she starts to say, it's not a 3553A. And then she backs up and she says, you said the nature and circumstances or history and characteristics is not part of his. Well, I guess it's part of his history that he got these things. So she seems to kind of come around to realize that it's pertinent to history. Well, I think she says, I guess. But the vast majority of the conversation is resistant. And she says multiple times. She says lots of times. She says, I don't see which box this belongs in. And if it doesn't belong in any of the boxes, then it's just off the table. Well, then is it relevant that the last thing she says is actually at the top of 19? So even after on 18, she says, I guess it's a part of history. She circles back to her original position. I still don't see the connection. Correct. And I think that's her ultimate theme. And I think that's the procedural error that we have here. Clearly, she has discretion to evaluate this factor. Is that not a connection to the relevance as opposed to a correction, you know, the authority to consider it? Certainly, this is a very experienced district judge. Certainly, if a defendant came in and said, I'm suffering from a serious health condition and I may not be able to receive adequate treatment in prison, we can assume as I would assume every district judge here would understand that they have the scope and the authority to consider that as part of the defendant's history and characteristics. Here, she acknowledges it's part of the defendant's history and characteristics. Why are her statements just not – it's just not relevant here that he got beat up in prison? Prison is a dangerous place and these things happen. But I think she comes back and even – sorry, I don't want to mispronounce her name, Your Honor. That's okay. But, you know, even what the other judge pointed out was that she circles back to the same position, which is that it's not something that she is going to consider and that she doesn't have the discretion to do it. But that's what she says, right? No, no, it's not something I'm going to consider. It's different than I don't have the authority to consider it. Well, let me ask you, what Judge Peirce is saying could be a fair reading of this transcript. If we find that there are two fair readings of this transcript, what happens in the case of an ambiguity? Well, Your Honor, I would think if there's any chance that the court believed that she didn't have discretion or authority to do something, the line of cases say that the case should be overturned. So the defendant has the right to a fair proceeding. He got a 20-year sentence. He was a Graham-level drug dealer. And when the government, you know, is asking for, like, an 82-month variance in a non-cooperating case, that's unusual. And even in the record, the court said, well, I never hear the government make any such requests. That's a substantive reasonableness issue. Correct, but I think it's— Which is tough in this case. I mean, he did get a departure, and we may disagree with what the district judge did, but to say a below-guideline sentence is substantively unreasonable, I don't think we've ever done that. I don't know that any circuit has ever done that. I might be wrong, but I just don't know of any cases where that happens. And I think that's a major concern when the Supreme Court lays out that the appellate court's obligation is to do a reasonableness assessment of district court sentences, and the court's never found ever a case to overturn. I think that's— A below-guideline sentence. And I think that's—but when the guidelines are so extreme in some of the basis that we have here, but back to the procedural point, which I think is our strongest argument to have the case overturned, is I think it's clear from the back and forth of the transcript that the judge is in a position where she doesn't believe that this is something that she can consider, and she continues to ask about the 3553A factor. She continues to ask how it's relevant to sentencing, and then she circles back to the position after the comment that you had talked about, Judge Kirsch. So I think the theme is that it's not something that she's going to consider, and then she doesn't raise it in her ultimate sentencing. Now, what the government has said, that the government believes that we have waived this claim, but I disagree with that in this particular situation because we addressed this at length. Almost all of my sentencing argument was concerning this issue. We went back and forth on this issue, so I didn't circle back to that. But I think we have preserved that issue, and I think that issue is reversible. I think the government has waived any harmless error issue because they didn't raise that in their response, but I don't think it's harmless error in this particular situation. We have a judge that did grant a variance, so the judge granted a variance, and this information that she didn't believe was she could consider or that she had discretion to consider could have made a difference to make a lower sentence. So I'm going to reserve the time I have. Thank you. Certainly. Mr. Bloodworth. Thank you, Your Honor. May it please the Court, Casey Bloodworth on behalf of the United States. The 240-month below-guideline sentence that was imposed in this case, for what the district court characterized as someone knee-deep in the distribution of drugs in a small community, was both procedurally sound and substantively reasonable. Regarding the procedural claim made by Mr. Holder, I think the record in this case shows that the district court didn't outright reject the argument but was just inviting a colloquy with Mr. Holder's counsel about how the district court should weigh that. There's some concern that reading a district judge's questions to be ambiguous will invite district judges to not ask any questions at sentencing. This is a process. This is somewhat of an intimate process with the district judge trying to understand the nature of the argument so the district judge can deal with it. If we find ambiguity in everything that a district judge says or asks, sentencing hearings are going to be very short and sterile is my guess. I think Your Honor's point is well made, and that kind of ties into what my argument was. This was a back and forth. But on the other hand, I'm troubled by a lot of things she says. It's not often that you see, given the breadth of the 3553A factors, that you see a district court saying, you're trying to argue something to me that is just not part of what I take into account. And she keeps saying, I'm not following you. I can't connect the dots. What are you talking about? And with perfect candor. At one point she sort of tries on for size whether this is a factor relevant to history, but then as Judge Jackson-Akumi points out, she backs off again. And if a district judge has taken something off the table that belonged there under the history and characteristics criterion, then there's potential error, even if it was a below-guideline sentence. It's a procedural error. It's not a substantive error. I'm not going down the path of saying this is substantively unreasonable. And I think that illustrates what at least my view of the transcript and the colloquy between the district court and Mr. Holder's counsel was. It was an invitation of how to weigh this. I don't read it to be an outright rejection. I'm not going to consider that. There was a colloquy between the two. But it would have been perfectly fine if that's what she said, right? I'm not going to consider that. That is different than I can't or don't have the authority to consider that. But if she says things that are equivalent to I can't or don't have the authority and we read 3553A to show that she did have the authority, that's a mistake. That's a legal procedural mistake. I think both of you are obviously correct, but I think the record in this case shows more of what Judge Kirsch is saying. Well, no, it's not more of what I'm saying. It's just like the last case. We would have to reject what Judge Yandel said. We would have to flat out reject it by saying, you said I can consider it as part of its history, but you didn't mean that. You didn't know that. You said it, but you actually don't understand your authority. After having sat on the district court for, I don't know, 15 years or 10 years, however long she's been there, even though you said this, we reject it. Right, and it's that ambiguity that invites questions about that, and I think that illustrates your point further, that the colloquy that the district court was having with Mr. Holder was to not determine whether she had the authority to consider this. I don't see anything in the transcript. If she did have the authority, maybe she would have cut this short by just saying I can't consider this, move on. It's wait a minute, he gets beat up in prison. How is that relevant to a sentencing reduction? It's not part of your history and characteristics. I mean, you have a hangnail that's part of your history and characteristics. That's what she's saying. What difference does it make that you got beat up in prison here? Why does that justify a reduction? And what does she mean when she says, I'm, quote, not connecting the dots between your assault and the 3553A factors? She's not saying I think it's a strong factor or a weak factor. She's asking is it even within the factors? I certainly don't want to put words in the district court's mouth on what she meant when she said that, but the way I read it in context of everything else is trying first, candidly, I think she was trying to identify an applicable 3553A factor. But once that was done, I think the colloquy is, okay, how do I weigh this? And in Mr. Holder's brief and in his argument, he was basically using that as an example of the court should vary downward because this is illustrative of the harm that inmates face in a jail setting or in a prison setting, which is a generalized argument that every inmate faces. And as this court has said, a district court doesn't exactly have to specify and talk about a generalized argument that applies to everyone. And I think it's through that context and through the colloquy of what the district court had with Mr. Holder's counsel was trying to identify how to weigh this factor. And as was pointed out, she did consider it part of his history. I don't think she gave it much weight, but I don't think that's a procedural error. What do you make of the fact that she comes back around and says, I still don't see the connection because here's an issue. Just as easily as she could have said, I don't have the authority to consider this. She could have also just as easily have said, I don't weigh that as significantly as you'd like me to weigh it. And she didn't either. And I think with the benefit of hindsight, we probably all had occasions where I probably could have said that a little differently. But I think you have to read it in the context of everything that was going on. And I don't see that as a full pullback of, okay, it doesn't apply to 3553A in any respect. The way I read it is what you've identified and how it applies to 3553A. I'm giving it very little weight. So it sounds like you agree we have to interpret what she said, and you're just saying your interpretation is the right one. I think that falls back on what Judge Kirsch was talking about. You would have to reject what the district court said and impose a different meaning to what she said and say she didn't mean what she said. I'm not sure that's right. When does she actually say, I can consider this factor? Never. She thinks maybe history, and then she goes back and, you know, maybe not. And I think that goes more into how it's weighed. No, I don't know. We need to cross the first threshold first, that it's even in the game. And if she's said it's not, then we have a problem. When she mentions the word history, if that's to be understood as saying, well, it is a factor, but I'm just not impressed with it as a factor, that's her prerogative. She can certainly do that. Right, and I believe when the district court was saying it's irrelevant to whatever 3553A factor you've identified, I've identified, or we've all talked about, is illustrative to, it just doesn't weigh much with respect to that particular 3553A ground. Not once did the district court say, I'm finding that this doesn't apply at all in any way, shape, or form to 3553A. Yeah, what your argument is, we would have to find that the district court didn't understand that she had the authority to consider the history and characteristics of the defendant, that she totally doesn't understand 3553. Well, I don't think it's that, that she didn't have the authority to consider an assault in the jail as part of history and characteristics. She knows she can do history and characteristics, but her jail assault's part of that. And I think that falls on what Mr. Holder's main argument before this court is, is that it was a clear indication that the district court didn't believe she had the authority to consider that. And I don't think that's what the transcript shows. It's not his argument. It's got to be because she says it's part of his history and characteristics. And I don't think the colloquy between the district court illustrates at all that she was confused about what the scope of authority is. I think her ultimate sentence illustrates that she very well knows what her authority is, disagreeing with both parties, going through 3553A and imposing a sentence that's still below guidelines but above what everybody recognizes. Certainly not with the first questions, right? Because the first questions are, how should I consider this? She could have asked, do I have the authority to consider this? How do I consider this? And defense counsel, whoever the defense counsel is around, here's how you consider it's part of history and characteristics. The judge says, oh, I understand it's part of the history and characteristics. I reject it. Okay? That would be, I understand that I can consider it. Surely, what you had for breakfast is part of your history and characteristics. I can reject what you had for breakfast as a mitigating factor. And rejecting it is synonymous to giving it no or little weight whatsoever, which the district court certainly has discretion and authority to do. And there's nothing in this transcript that indicates the district court didn't believe she had the authority to weigh it in one way versus the other. Moving on just very briefly to the substantive reasonableness, as you've indicated, it seems not to be any example of a below-guideline sentence being reversed for not being substantively reasonable. The transcript shows a well-measured, well-calculated, well-thought-out application of 3553A, bringing in defense mitigation arguments in that, including, I think, this assault on the jail and imposing the sentence that the district court did. So we would ask this court to affirm the sentence below. All right, thank you. Thank you, Mr. Barber. Mr. Youngall. Thank you, Your Honors. Just getting back to this context and the debate that's going back and forth about the statements, Your Honor, the only thing that the judge talked about history and characteristics was her word was, I guess, okay, a speculative-type word. And then she circles back to the other statement that she doesn't have. Well, I mean, we're also reading a transcript here. We don't require precision. We would have to find that she didn't understand that she could consider the defendant's history and characteristics. That's a broad-scoped argument. No, we just have to – the procedural error here is she didn't consider this particular characteristic. She didn't think that this fell under those characteristics, and that's where she made the procedural error. So what you're saying is she didn't think that this assault was part of the defendant's history and characteristics. Because by using the word, I guess, that's speculating that that's what she thought. Everything else, the context says – She's also asking you how is this relevant, and she's trying to come up with ways in which it's relevant, I think. And I think the first statement was I said history and characteristics, and I said punishment, and then I said it wasn't the biggest reason for a variance, but it was a reason for a variance. And I think in the transcript it says that she couldn't see this, that this isn't a reason that she could do a variance. So that's where I think the disagreement is here, and I think the context is in favor of the appellant and the defendant in this case. And I appreciate the time. Thank you for allowing me to argue the case. You're very welcome. Thank you. Thank you to both counsel. The case will be taken under advisement, and the court will be in recess.